A motion was made in the County Court of Smith, under the Act of 1801, c. 15, § 1, against the defendant, to recover the sum of $125. It was for the amount of a judgment and costs recovered against the plaintiff by John Ferguson, upon an obligation given by the plaintiff and defendant to Ferguson, in which the plaintiff was security for the defendant as suggested. The judgment was recovered against the plaintiff alone.
The act provides that any security upon bill, note, bend, or obligation, who had paid the money for his principal, upon judgment, may recover judgment against his principal upon motion.
A record of the judgment against Love, the plaintiff, was produced, but it did not state that Love was surety for M'Cool, the defendant. A witness was produced to show that the defendant acknowledged the plaintiff was his security in the bond given by him and the plaintiff to Ferguson.
WHITE and WILLIAMS opposed the introduction of this testimony agreeably to the Constitution, art. 11, §§ 6-8, the Court could not determine any matter of fact without a jury. They said it was admitted the legislature might mould or direct proceedings, but they could not take away the trial by jury altogether, as is attempted in this case. There is no direction in the act for calling a jury in any stage of the proceedings. This being a court of the last resort, if we do not get a trial here by jury we cannot anywhere.
was inclined to think that the act *Page 336 
did not mean to embrace cases where parol proof was necessary to ascertain a fact. Such a construction would be in derogation of the common law, and the words of the act did not require it. The latter part of the first section contemplates the rendition of judgment here, "upon the production of a copy of the record or judgment, legally authenticated." If the legislature intended us to be governed by this record, we could render judgment, provided it appeared from it that the plaintiff was security. But admitting that the legislature designed the act to embrace a case where oral proof was necessary to ascertain facts, we could not do it; for in so doing we should unquestionably violate the ancient mode of trial by jury, contrary to the evident meaning of those sections of the Constitution which have been referred to. To render judgment without a jury to ascertain facts, where those facts appear of record, would not be contrary to the ancient mode; the courts always gave judgment in such cases without a jury, but never did where the merits depended upon matter in pais. These remarks are not intended to apply to the summary proceedings of inferior tribunals. Some time ago it was decided at Knoxville they were legal so long as there remains access to this court, where a jury trial could be had.[1] The case is now in the last resort, and if the legislature can take away a jury trial in this case they can in any, which no person will be so inconsiderate as to contend for.
[1] 2 Am. L. J. 97; 1 Binn. 405.