RICHARD BOYD )
   v. )    APPEAL.
JOHN BOYD )

*Statement of the Case by the Court*: delivered by OVERTON, J.

The appellant recovered a judgment in the county court against the appellee, as co-security of Francis Prince.

A jury was called, who found that Josiah Horton, Richard Boyd, William Tait, James Maxwell, Howell Tatum and John Boyd, were only the securities of the said Prince for the payment of the sum of money in the writing obligatory mentioned; and it appearing to the satisfaction of the court, that Richard Boyd has been sued and a recovery had against him in the circuit court of Davidson County on the writing obligatory for the sum of $458.57—the court gave judgment for one sixth part of said sum, amounting to $79.75, and costs. Upon

134

which John Boyd obtained a writ of error, and removed the cause into the circuit court, where the judgment of the county court was reversed, and an appeal taken to this court.

The court is of the opinion of the circuit court must be reversed, and the cause remanded.

(1) It is true, that enough does not appear on the record of the county court. The jury should have ascertained, beside the co-securityship, that the principal, Prince, was insolvent.

The case before the court is not similar to the case of Love v. McCool, 1 Ten. Rep. 335; that was an action by a security against the principal—this, by one security against another. The constitution provides that the ancient mode of trial by jury shall remain inviolate. In the first case, the remedy was at law; in the latter, there was no remedy but in equity: and as anciently there was in such cases no jury trial, the legislatures were competent, without infringing the provisions of the constitution, to afford summary relief; and such relief might have been afforded by the act of 1801, ch. 15, upon its appearing that the principal was insolvent.

(2) The court is of opinion that it was not the intention of the Act of November 1809, ch. 69, to repeal the former act, as it respects the remedy of one security against another in case of the insolvency of the principal.

But whether we consider this subject in regard to common law or chancery proceedings, notice, in some shape, seems necessary upon the institution of summary proceedings; unless against public collecting officer, and then it has been dispensed with. However, as both parties are not before the court, no other notice is necessary in this cause.

In all cases, except against public officers, it would be necessary that the record should show notice to the opposite party, and, in this case, that the principal was insolvent.

COOKE, for the appellant.

TRIMBLE, for the appellee.